UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                                   <u>DECISION AND ORDER</u>

                                                                     03-CR-6164L
                                                                     06-CV-6085L

                              v.

JERMAINE D. HAMILTON,

                            Defendant.
_____

      Defendant pleaded guilty to conspiracy to distribute 5 grams or more of crack cocaine. He entered that plea pursuant to a written plea agreement which described the offense, defendant's conduct and the controlled substances involved, crack cocaine. The plea was entered pursuant to FED. R. CRIM. P. 11(c)(1)(C) and defendant was sentenced accordingly to 84 months imprisonment. The plea agreement specifically barred any appeal or collateral attack on the judgment.

      Nevertheless, on February 9, 2006, defendant moved, *pro se,* to vacate the judgment. The Government duly opposed the motion.

      While this motion was pending, defendant also moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) because of Amendments to the Sentencing Guidelines relating to crack cocaine. By order entered May 12, 2008, this Court granted defendant's motion and reduced his sentence to 71 months.

Concerning defendant's motion pursuant to § 2255, though, there is no basis whatsoever for relief. First of all, such a challenge is barred by the terms of the plea agreement. This fact was discussed at some length during the Rule 11 plea colloquy. The authority cited by the Government in its opposition clearly establishes that such a term in the plea agreement bars this present 2255 petition.

But, on the merits, there is no basis whatsoever for relief. The evidence was clearly sufficient in light of defendant's guilty plea and his admissions made at the time the plea was entered. Defendant acknowledged his involvement with crack cocaine and all references in the presentence report were to crack cocaine. All the matters in the record, including matters attached to the Government's response, established clearly that the evidence was sufficient, and that defendant willingly and knowingly admitted involvement in the conspiracy to possess with intent to distribute and to distribute crack cocaine.

## CONCLUSION

Defendant's motion to vacate or set aside the judgment (Dkt. #109) is in all respects denied. I decline to issue a certificate of appealability because Jermaine Hamilton has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 23, 2008.